UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTA MCDONALD,

    Plaintiff,

v.

Case No.
Hon.

ADAM ROBERT DYKHUIZEN and
ROBERT LEON MILLER,

    Defendants.

---

MOSS & COLELLA, P.C.
BY:  A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Highway, Ste 1150
Southfield, MI 48034
248-945-0100/F: 248-945-1801
vcolella@mosscolella.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved
civil action arising out of the transaction or
occurrence alleged in this Complaint.

    /s/ A. Vince Colella
    A. Vince Colella (P49747)

NOW COMES Plaintiff, DONTA MCDONALD, by and through his attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and for his Complaint and Demand for Jury Trial, states as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. At all material times hereto, Plaintiff DONTA MCDONALD (hereinafter "MCDONALD") was a resident of the County of Kent, State of Michigan.

2. Upon information and belief, Defendant ADAM ROBERT DYKHUIZEN (hereinafter "DYKHUIZEN"), is a resident of the County of Kent, State of Michigan.

3. At all material times hereto, Defendant DYKHUIZEN was an officer of University of Michigan – Michigan Medicine Security, a subdivision of the University of Michigan – Division of Public Safety & Security (hereinafter "DPSS").

4. Upon information and belief, Defendant ROBERT LEON MILLER (hereinafter "MILLER"), is a resident of the County of Kent, State of Michigan.

5. At all material times hereto, Defendant MILLER was an officer of University of Michigan – Michigan Medicine Security, a subdivision of the aforementioned DPSS.

6. At all material times, Defendants DYKHUIZEN and MILLER were acting under color of state law, as established by one or more of the following grounds:

   a. As officers of a self-described "full-service, 24-hour <u>public safety department</u>"[1] (emphasis added);

   b. Upon information and belief, as licensed officers under MCL § 338.1079 and/or with use of authority under MCL § 338.1080;

   c. Upon information and belief, as officers of an agency licensed under MCL § 338.1051 et. seq;[2]

   d. By exercise of powers traditionally reserved to the police, including but not limited to: use-of-force and detainment beyond that authorized by the Michigan's Shopkeeper's Privilege, MCL § 600.2917;

   e. Upon information and belief, by conduct in agency with the Wyoming Police Department and in furtherance of the objectives of the Wyoming Police Department, as established further below;

---

[1] http://www.dpss.umich.edu/content/about/our-departments/michigan-medicine-security/
[2] https://www.michigan.gov/mcoles/0,4607,7-229-41626_42413---,00.html

3

    f. Upon information and belief, as employees of an organization exclusively funded by public proceeds and overseen by a public employee, to-wit: funding from the University of Michigan and oversight by University of Michigan employee Brian Uridge;[3]

    g. As employees of an organization working symbiotically or in tandem with state and local government, including but not limited to: advertisement/hiring for the aforementioned Michigan Medicine officer positions in conjunction with the Michigan Commission on Law Enforcement Standards (hereinafter "MCOLES");[4]

    h. On the basis of the above plead factual grounds, the "public function" or "nexus" tests as established by law; and/or

    i. Any other separate or additional grounds for state action further identified in discovery;

7. This is a civil rights action for damages brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and the Fourth and Fourteenth Amendments to the United States Constitution, against the above-

---

[3] http://www.dpss.umich.edu/content/about/our-departments/michigan-medicine-security/
[4] https://www.michigan.gov/mcoles/0,4607,7-229-41622_43126_67513-573343--,00.html

named Defendants for their wrongful acts, committed in Defendant DYKHUIZEN and MILLER's individual capacity.

8. Jurisdiction is proper in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1343.

9. The conduct or occurrence giving rise to this cause of action is the use-of-force and detention of Plaintiff MCDONALD on December 18, 2020 at Metropolitan Health Hospital, 5900 Byron Center Ave, SW, Wyoming MI 49519 (hereinafter "METRO HEALTH").

10. Pursuant to 28 U.S.C. §§ 1391(b)(2), venue is proper before this Honorable Court, as the substantial portion of the aforementioned events took place within this judicial district.

## COMMON ALLEGATIONS

11. Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

12. On or about the afternoon of December 18, 2020, Plaintiff MCDONALD was present at METRO HEALTH.

13. On or about the same date and time, Plaintiff MCDONALD was attempting to re-enter the hospital to obtain medical care.

5

14. On or about the same date and time, Defendants DYKHUIZEN and MILLER utilized excessive and/or unnecessary force in removing him from the premises and detaining him, including but not limited to: grabbing him from behind; pulling his arms back; slamming him into the ground; striking him while he was prone on the ground; and placing their knees into his back.

15. Upon information and belief, Defendants DYKHUIZEN and MILLER's excessive use-of-force was committed in the course of Defendants' attempt to detain Plaintiff MCDONALD in the back of a marked DPSS vehicle in handcuffs to aid in the transfer of his custody, beyond simply removing Plaintiff MCDONALD from the premises and/or in furtherance of the objectives of the Wyoming Police Department.

16. Upon further information and belief, Defendants DYKHUIZEN and MILLER's attempt to detain Plaintiff MCDONALD was without justification or belief that MCDONALD had committed any theft or stolen any items from the hospital and was not pursuant to the Michigan Shopkeeper's Privilege, MCL § 600.2917.

17. As a result of the aforementioned excessive and/or unreasonable force utilized by Defendants DYKHUIZEN and MILLER, Plaintiff MCDONALD sustained serious and potentially permanent injuries, including but not limited to: injuries to his shoulders.

### COUNT I: DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT DYKHUIZEN (FOURTH AMENDMENT - EXCESSIVE FORCE)

18. Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

19. Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, Defendant DYKHUIZEN owed MCDONALD a duty to act prudently, with reasonable care, and otherwise to avoid unreasonable and excessive force.

20. Reasonable officers in the position of Defendant DYKHUIZEN at the time of this incident – i.e. prior to the use-of-force described above in Paragraph 14 and incorporated by reference herein– would have known, in light of existing law, that the unlawfulness of this action was apparent under the circumstances, would be a

violation of clearly established law, and of MCDONALD's constitutional rights against excessive force.

21. As a direct and proximate result of Defendant DYKHUIZEN's above-cited violations of clearly established rights, Plaintiff MCDONALD suffered serious and potentially permanent injuries, including but not limited to: injuries to his shoulders.

22. As a further direct and proximate result of Defendant DYKHUIZEN's actions and omissions, Plaintiff MCDONALD has suffered the following:

   a. Pain, disability, and mental anguish;

   b. Medical expenses for care, treatment and rehabilitation; and

   c. Punitive damages as authorized by 42 U.S.C. § 1983; and

   d. Other injuries and damages identified during the course of litigation;

## COUNT II: DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT MILLER (FOURTH AMENDMENT - EXCESSIVE FORCE)

23. Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

24. Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, Defendant MILLER owed MCDONALD a duty to act prudently, with reasonable care, and otherwise to avoid unreasonable and excessive force.

25. Reasonable officers in the position of Defendant MILLER at the time of this incident – i.e. prior to the use-of-force described above in Paragraph 14 and incorporated by reference herein– would have known, in light of existing law, that the unlawfulness of this action was apparent under the circumstances, would be a violation of clearly established law, and of MCDONALD's constitutional rights against excessive force.

26. As a direct and proximate result of Defendant MILLER's above-cited violations of clearly established rights, Plaintiff MCDONALD suffered serious and potentially permanent injuries, including but not limited to: injuries to his shoulders.

27. As a further direct and proximate result of Defendant MILLER's actions and omissions, Plaintiff MCDONALD has suffered the following:

   a. Pain, disability, and mental anguish;

    b. Medical expenses for care, treatment and rehabilitation; and

    c. Punitive damages as authorized by 42 U.S.C. § 1983; and

    d. Other injuries and damages identified during the course of litigation;

## RELIEF AND DAMAGES REQUESTED

WHEREFORE, Plaintiff DONTA MCDONALD, respectfully requests that this Honorable Court enter judgment in his favor against Defendants, and award the following damages:

    A. Compensatory damages in Excess of Seventy-Five Thousand Dollars ($75,000.00);

    B. Punitive damages against Defendants ADAM ROBERT DYKHUIZEN and ROBERT LEON MILLER;

    C. Costs incurred and attorney's fees pursuant to 42 U.S.C § 1988;

    D. Prejudgment interest; and

    E. Any other relief this Court deems equitable and just.

                    Respectfully submitted,

                    MOSS & COLELLA, P.C.

                    BY: /s/ A. Vince Colella
                    A. VINCE COLELLA (P49747)
                    Attorney for Plaintiff
                    28411 Northwestern Hwy, Suite 1150
                    Southfield, MI 48034
                    (248)-945-0100
DATED: January 10, 2022      vcolella@mosscolella.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTA MCDONALD,

    Plaintiff,

v.

    Case No.
    Hon.

ADAM ROBERT DYKHUIZEN and
ROBERT LEON MILLER,

    Defendants.

---

MOSS & COLELLA, P.C.
BY:  A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Highway, Ste 1150
Southfield, MI 48034
248-945-0100/F: 248-945-1801
vcolella@mosscolella.com

---

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, DONTA MCDONALD, by and through his attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and respectfully requests jury trial in the above captioned matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MOSS & COLELLA, P.C. |
|  | BY: /s/ A. Vince Colella<br>A. VINCE COLELLA (P49747)<br>Attorney for Plaintiff<br>28411 Northwestern Hwy, Suite 1150<br>Southfield, MI 48034<br>(248)-945-0100 |
| DATED: January 10, 2022 | vcolella@mosscolella.com |

13